UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF ANCILLARY BENEFITS<br><br>v.<br><br>BECERRA, ET AL. | §<br>§<br>§  CIVIL NO. 4:24-CV-783-SDJ<br>§<br>§<br>§<br>§ |

# **ORDER**

Plaintiff American Association of Ancillary Benefits ("AAAB") has sued several federal agencies, collectively referenced herein as the "Government Defendants," challenging the validity of Rule CMS-9904-F (89 Fed. Reg. 23338 (April 3, 2024)).[1] Before the Court are several filings made by AAAB, including its "Motion for a Temporary Restraining Order, Stay of Effective Date and Preliminary Injunction," (Dkt. #4), and "Motion for Leave to File Brief in Excess of Page Limitation Requirements," (Dkt. #3). As the Court will explain, AAAB's filings are deficient and require clarification and supplemental filing(s).

At the outset, it is unclear whether AAAB is requesting an ex parte Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b)(1). If so, it has failed to meet that rule's basic requirements for ex parte relief. Under Rule 65(b)(1), a TRO may be issued ex parte only if the movant satisfies two requirements. First, the movant must file an affidavit or verified complaint with specific facts which

---

[1] Specifically, AAAB has sued Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services; Julie Su, in her official capacity as acting United States Secretary of Labor; and Janet Yellen, in her official capacity as Secretary of the United States Department of the Treasury.

1

"clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1)(A). Second, the movant's attorney must certify in writing "any efforts made to give notice and the reasons why [notice] should not be required." FED. R. CIV. P. 65(b)(1)(B). Here, AAAB has not met either requirement of Rule 65(b)(1): it has not filed an affidavit or verified complaint which clearly shows what immediate and irreparable injury will result before the Government Defendants can be heard in opposition. Nor has AAAB's attorney filed a certificate detailing efforts made to give notice to the Government Defendants, or why notice should not be required.

If AAAB does not seek ex parte relief, it has failed to meet the certificate of service requirements under Federal Rule of Civil Procedure 5(d)(1)(B), as well as the certificate of conference requirements under Local Rule CV-7(i), as to its TRO motion. Either way, AAAB must amend its motion to clarify whether it seeks ex parte relief or not. AAAB has also failed to meet the certificate of service requirements under FED. R. CIV. P. 5(d)(1)(B), as well as the certificate of conference requirements under Local Rule CV-7(i), as to its motion for leave to exceed page limitations.

Under Rule 5(d)(1)(B), AAAB was required to include a certificate of service at the time each motion was filed or "within a reasonable time after service." No certificate of service was included with either of AAAB's motions, and no certificate of service has been submitted to date. Thus, the Court has no idea if AAAB has even served or otherwise provided the Government Defendants with its motions. Likewise, it does not appear that the Government Defendants have been provided with AAAB's

2

complaint, (Dkt. #2). Hence the Court's inquiry whether AAAB is attempting to proceed ex parte as to its TRO.

Further, under Local Rule CV-7(i), motions filed in this District must also be accompanied by a certificate of conference stating that counsel complied with the meet-and-confer requirements contained in Local Rule CV-7(h) and indicating whether the motion is opposed or unopposed.[2] AAAB also has not met the certificate of conference requirements for this District. The certificates of conference provided by AAAB provide only vague assertions about attempts to contact counsel for the Government Defendants, lacking any meaningful specificity.[3]

Therefore, it is **ORDERED** that AAAB file an amended motion by **12:00 PM CT, August 30, 2024**. The corrected motion should plainly state whether AAAB seeks ex parte relief under Rule 65(b). It is further **ORDERED** that, if AAAB is not requesting ex parte relief under Rule 65(b), then the corrected motion must be accompanied by a certificate of service and by an amended certificate of conference which complies with the requirements of Local Rule CV-7(i). It is further **ORDERED** that AAAB must also submit a certificate of service for its motion seeking to exceed page limitations, and an amended certificate of conference which complies with the requirements of Local Rule CV-7(i). All such filings should be submitted by **12:00 PM CT, August 30, 2024**.

---

[2] Local Rule CV-7(i) contains a handful of exceptions; none of them apply here.
[3] The Court reminds counsel that the Local Rules are not optional, nor are they mere suggestions. Failure to comply with the Local Rules is reason enough for this Court to deny a motion. *See Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 4:22-CV-232-SDJ, 2023 WL 123506, at 3 (E.D. Tex. Jan. 6, 2023).

**So ORDERED and SIGNED this 29th day of August, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE