UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF ANCILLARY BENEFITS<br><br>v.<br><br>ROBERT F. KENNEDY, JR., ET AL. | §<br>§<br>§  CIVIL NO. 4:24-CV-783-SDJ<br>§<br>§<br>§ |

## ORDER

This case concerns the New Rule for Short-Term, Limited Duration Insurance Plans, Rule CMS-9904-F (the "New Rule"), 89 Fed. Reg. 23338 (Apr. 3, 2024). Plaintiff American Association of Ancillary Benefits ("AAAB") has challenged the validity of the New Rule and the Court has received extensive summary-judgment briefing on the issues raised by AAAB.

Following the 2024 election, and after the new administration was in place, the Government Defendants requested a ninety-day stay of all proceedings in this matter "to allow new agency leadership sufficient time to evaluate the government's position in this case and determine how best to proceed." (Dkt. #66). The Court granted the stay, but required the Government Defendants to "provide the Court with an advisory concerning the results of their evaluation of their position in this case and how the Government Defendants intend to proceed." (Dkt. #69).

Before the Court is the Government Defendants' Motion to Extend Stay. (Dkt. #70). In their motion, the Government Defendants advise that they intend to "revisit the [New Rule] challenged here in a new rulemaking as soon as practicable." *Id*. at 1. The Government Defendants go on to note that they "cannot presently

1

estimate when that rulemaking is likely to be completed," and request a further six-month stay of the case, until November 19, 2025. *Id.* The Government Defendants affirm that they expect to be able to provide an estimated timeline for the completion of the new rulemaking before November 19, 2025. *Id.*

AAAB has responded in opposition to the stay. (Dkt. #72). Initially, the response characterizes the Government Defendants' advisory and motion as "ignor[ing]" and otherwise completely failing to comply with this Court's order. *See id.* But ultimately, AAAB acknowledges that the Government Defendants' advisory and request for extended stay "demonstrates that they agree with Plaintiff[] that the [New Rule] is deficient and [the Government Defendants] do not wish to keep it." (Dkt. #72 at 5). AAAB also points to an executive order and a fact sheet issued by the new administration that AAAB understands to identify the New Rule as a flawed and "wasteful" regulation that the new administration intends to rescind. *See id.*[1] These statements belie AAAB's position that the Government Defendants have failed to "provide[] this Court or the parties with any definitive steps that Defendants will take regarding the [New Rule] or how Defendants will address the issues raised in this lawsuit." (Dkt. #72 at 3).

The Court disagrees with AAAB. As AAAB itself acknowledges, the Government Defendants have advised the Court and the parties about steps the new administration will take—specifically that it will revisit the New Rule challenged here in a new rulemaking "as soon as practicable," and that the Government

---

[1] The Court reaches no conclusions on the accuracy of AAAB's description of an executive order and fact sheet from the new administration concerning the New Rule.

2

Defendants expect to be able to provide an estimated timeline for the completion of the new rulemaking before November 19, 2025.

Under the circumstances, the Court will grant the Government Defendants' motion in part, allowing an extension of the current stay for an additional ninety days, and requiring the Government Defendants to timely provide further information regarding the substance and timeline of the proposed rulemaking referenced in their motion. *See* (Dkt. #70).

It is therefore **ORDERED** that Defendants' Motion to Extend Stay, (Dkt. #70), is **GRANTED in part**. All proceedings in this matter will remain **STAYED until August 28, 2025**.

It is further **ORDERED** that, on or before **August 28, 2025**, the Government Defendants must provide the Court with an estimated timeline for the completion of their intended rulemaking and how they intend to proceed in this case moving forward. *See* (Dkt. #70).

**So ORDERED and SIGNED this 2nd day of June, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE