### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF ANCILLARY BENEFITS, et al., § § § *Plaintiffs,* § § v. § § ROBERT F. KENNEDY, JR., in his official § capacity as Secretary of the United States § Department of Health and Human Services, § *et al.*, § § *Defendants*. § | Case No. 24-CV-783 Judge Sean D. Jordan |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO EXTEND STAY

NOW COME Plaintiffs AMERICAN ASSOCIATION OF ANCILLARY BENEFITS and PREMIER HEALTH SOLUTIONS, LLC, by and through their counsel, and for their Response to Defendants' Motion to Extend Stay (Dkt. No. 75), pursuant to the Order of this Court (Dkt. # 76), and state as follows:

### Introduction

The Government now seeks an unprecedented indefinite extension of the stay, without providing clarity on its position regarding the legality or enforcement of the 2024 Short-Term Limited Duration Insurance ("STLDI") Rule. In doing so, the Government provides absolutely no clarity about applying the Biden Administration's definition of STLDI at issue in this case, nor is there clarity about the Government's position regarding the legality of the current Rule defining STLDI, nor any details regarding potential future rulemaking. Rather, as the sole basis and justification for an unprecedented third stay in this matter, the Government points to a non-committal press statement of the U.S. Departments of Labor, Health and Human Services and the

1

Treasury regarding STLDI, dated August 7, 2025. That "Statement" does nothing to clarify the government's position, nor does it equate to a repeal or suspension of the rule, nor does it provide any type of legal precedent or justification for a third stay. The Statement contains pronouncements that the Government does "not intend to prioritize enforcement actions for violation related to failing to meet the definition of 'short-term, limited-duration insurance' in the 2024 final rules." However, this Statement does not affirmatively state that the Government will not file enforcement actions—just that such enforcement is not "prioritized," which is specifically the type of regulatory ambiguity and administrative inconsistency that the *Loper Bright Enterprises* decision cautioned against. Meanwhile, Plaintiffs remain subject to all the burdens and risks of the rule, and regulatory uncertain and ambiguous environment created by the Statement.

Equally chaotic, the Government's motion fails to address the regulatory realities across the various states—which are the primary regulators of insurance—many of which may interpret the federal rule as preemptive, while others may disregard it entirely, creating a wholly unmanageable patchwork of enforcement and confusion for consumers, insurers, and insurance service providers. Instead, through the ambiguous "Statement," the Government "encourages States to adopt a similar approach" but neither the Statement nor the motion provide any reference to any authority that can require States to do so. In short, the requested indefinite stay perpetuates the harm Plaintiffs and the health insurance markets to the detriment of millions of consumers, and the only way to end this confusion is to (1) enjoin the government's continued use of the 2024 STLDI definition, or (2) rule on the merits of Plaintiffs' pending Motion for Summary Judgment.

As previously stated briefing, on Plaintiffs' motion for summary judgment regarding this 2024 Biden Administration Rule for STLDI plans has been completed since January 10, 2025—

as per the Court's October 2024 briefing schedule. (Dkt. Nos. 30, 54). Now the Government seeks a third, permanent stay of this matter for an indefinite period of time, which undermines this Court's authority and the integrity of judicial review, perpetuates the ambiguous and burdensome regulatory environment under which Plaintiffs must operate, and denies Plaintiffs of this Court's ruling on the merits. In doing so, the Government does not even hint at what the new definition of STLDI may look like, or if it will be a similar administrative overreach as arbitrarily implemented by the previous Administration. To guide the public and protect the States, it is the "duty of the judicial department to say what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 369 (2024) (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803)).

If the Government's stay is extended a third time, consumers will lose the right to choose a health plan that suits their needs and budget. This Motion to Extend the Stay is a request for this Court to never exercise its duty adjudicate the merits of Plaintiffs' claims with respect to the Biden Administration Rule. It was true three months ago, and it is now more apparent than ever, an indefinite stay attempts to usurp this Court's judicial discretion elucidated in *Loper Bright Enterprises*, and it defies the Administrative Procedures Act, by excising judicial review of improperly promulgated administrative rules. Therefore, this Court should deny the indefinite extension of the stay of this matter.

### Relevant Procedural History

This is the Government's third motion for a stay, and like its progenitors in this case, the Government's motion is presented naked and bereft of citation to any controlling authority, nor does it address the ongoing and irreparable harm Plaintiffs and consumers across the country continue to suffer under the rule. In May 2025, the Government sought a six-month stay of the proceedings (Dkt. No. 70), which followed its February 2025 motion for a three-month extension.

The Government's February 2025 motion was merely so that the Government had time "to evaluate the government's position in this case and determine how to proceed." (Dkt. No. 66, Feb. 18, 2025, at p. 1). This Court ordered the government to provide "their position in this case and how the Government Defendants intend to proceed." (Dkt. 69, Order). The Government's request for an indefinite stay until the "Summer of 2026" once again fails to address the merits of this case, nor how the New Rule would address the merits of this case, nor the Government's position as to the 2024 Rule definition of STLDI. As such, this Motion does not comply with this Court's governing order to disclose how the Government "intend[s] to proceed in this case moving forward." (Dkt. No. 74, Order).

This Court has afforded the Government more than sufficient time to explain to the Court (and Plaintiffs) its position as to Plaintiffs' claims and detail the Government's plans for STLDI, but rather, the Government has not followed this Courts' May 2025 Order when the Government was granted the last three-month stay over objection of the Plaintiffs.

## Argument

The Government's August 28th Motion speaks in convoluted terms and without any guidance going forward before this Court. Indeed, the Government does not explain whether the new hypothetical future definition of STLDI (to be published a year from now in the Summer of 2026) will moot Plaintiffs' claims—or even if a potential rule would be different that the 2024 Biden Administration Rule at issue. Even under a generous reading of the Motion, there is absolutely no reference, let alone a substantive discussion, of "information regarding the substance…of the proposed rulemaking" as required by this Court's prior Order (Dkt. No. 74, Order). The conspicuous omissions speak volumes and make clear that the Government has not met its obligations under this Court's prior order. The Motion follows the same pattern of a last-

minute, unsupported filing like its past motions of this ilk. Yet this time, the Government is asking this Court to "stand down" without any lawful basis.

Ultimately, the pending Motion does not address Plaintiffs' claims regarding the Biden Administration's illegally promulgated STLDI rule or how a stay addresses the harm to millions of people and Plaintiffs. It strains the bounds of credulity to argue that this Motion addresses this Court's explicit order to provide the substance of the potential rule-making. There is just an approximate time in 2026 to start the notice and comment period for a new rule (a year from now in the Summer of 2026), which would still not address the merits of the existing 2024 STLDI Rule. The lack of any reference to the substance of the new STLDI definition sounds the death knell for this Motion. The press statement relied upon by the Motion is devoid of any mention of what *term* or *duration* that will be set forth this time in the new definition of STLDI—ostensibly because none has been contemplated. Again, the Government did not explain *any* position at issue with the 2024 Rule or how they intend to move forward, other than asking for a permanent stay.

The Government's principal plan is to kick the can further for unrealized potential agency rulemaking. That only perpetuates the issue of what "Short-Term Limited Duration Insurance" means where Congress has not defined it. *See Garland v. Cargill*, 602 U.S. 406, 413, 428 (2024) (striking down Executive Branch's "about-face" rule, reasoning, "it is never our job to rewrite statutory text under the banner of speculation about what Congress might have done."). Regardless of the Biden Administration's purportedly good intentions and benevolence, Congress never defined STLDI, and "limited duration" does not mean "nonrenewable." *See Id.* at 429 (Alito, J., concurring, something that "highlights the need to amend a law does not itself change the law's meaning."). Indeed, the Biden Administration ran roughshod over the Judiciary when it rolled back the Trump Administration's 2018 Rule. *C.f. Ass'n for Cmty. Affiliated Plans v. United*

*States Dep't of the Treasury* ("ACAP"), 966 F.3d 782, 789 (D.C. Cir. 2020) (rejecting argument that "limited duration' actually means 'nonrenewable.'"). More administrative merry-go-round is not the solution. *See Garland*, 602 U.S. at 429 (Alito, J., concurring, "[t]here is a simple remedy . . . Now that the situation is clear, Congress can act.").

There is no doubt that Plaintiffs have always sought a ruling on the merits and opposed any stay in this matter. This is due to the significant harm to the health insurance industry, insurers, health insurance services providers, and the consumers. It bears noting that the Government ignores the harm to consumers or the marketplace in any of its prior motions because the harm is irrefutable. Elsewhere, the current Administration has already admitted that the STLDI Rule was an overstep by the Biden Administration. Now, however, the Government seeks at a minimum to protect it until mid-2026. Plaintiffs identified this Administration's Executive Order and yet the Government does not acknowledge in any way that this Executive Order calls out the Biden Administration's STLDI definition as a harmful administrative overreach.[1] The duality of such positions cannot be reconciled, nor is the Government entitled to a stay—when it has admitted the Rule at issue was one of many administrative over-reaches by the prior administration.

The Supreme Court in *Loper Bright Enters. v. Raimondo* made it clear that Section 706 of the Administrative Procedures Act requires this Court to decide "'all relevant questions of law' arising on review of agency action." 603 U.S. at 392. The indefinite stay sought here undermines

---

[1] *See* THE WHITE HOUSE, *Fact Sheets Fact Sheet: President Donald J. Trump Rescinds Additional Harmful Biden Executive Actions* (Mar. 14, 2025) ("RESTORING COMMON SENSE AND GOOD GOVERNANCE . . . rescinding a second round of harmful executive actions issued by the prior administration, continuing his efforts to reverse damaging policies and restore effective government . . . .'I can undo almost everything Biden did, he through executive order. And on day one, much of that will be undone.'"), available at: whitehouse.gov/fact-sheets/2025/03/fact-sheet-president-donald-j-trump-rescinds-additional-harmful-biden-executive-actions/; *see also* THE WHITE HOUSE, *INITIAL RESCISSIONS OF HARMFUL EXECUTIVE ORDERS AND ACTIONS* (Jan. 20, 2025) (revoking Executive Order 14009 of January 28, 2021 (Strengthening Medicaid and the Affordable Care Act) and Executive Order 14070 of April 5, 2022 (Continuing To Strengthen Americans' Access to Affordable, Quality Health Coverage) available at, https://www.whitehouse.gov/presidential-actions/2025/01/initial-rescissions-of-harmful-executive-orders-and-actions/

the Judiciary's duties to resolve the propriety of the 2024 Biden Administration STLDI Rule, thereby perpetuating industry, consumer, and state-regulator uncertainty of the applicable term and duration for STLDI. This regulatory instability and government indecision make it nearly impossible for insurers to plan, invest, and innovate the kind of quality products that consumers desperately need. Adding fuel to the fire is the Government's ambiguous and amorphous pronouncement that it will not "prioritize enforcement actions."

The Government's vacillating statement is subject to many interpretations, including the reasonable interpretation that an insurer or insurance services provider can be the subject of an enforcement action if the STLDI plan does not meet the 2024 Biden Rule definition for term and duration. What the Government did *not* say is that it would stay any current or future enforcement actions. This is the type of statement that has elicited healthy judicial apprehension. *See Bondi v. VanDerStok*, 145 S. Ct. 857, 877 (2025) (Kavanaugh, J., concurring, criticizing the government's vacillation where "the Government represented that it would 'likely' decline to 'charge someone' . . . I expect that the Government will seek to avoid that potential fair-notice problem by adhering to its oral-argument representation that it would likely decline to bring charges in those circumstances.").

Plaintiff's prior response noted anticipated effects of the One Big Beautiful Bill ("OBBB"). However, that Bill was signed into law on July 4, 2025, and it did nothing to address the regulatory ambiguity surrounding STLDI coverage, as it did not address enhanced ACA subsidies—set to expire at the end of 2025—which will leave ACA coverage unaffordable for millions of consumers. *See* H.R. 1 enacted July 4, 2025. The impact to the insurance market projected by the Congressional Central Budget Office is no longer hypothetical, but rather, it will take root January 1, 2026. One of the more pertinent provisions is the sunsetting of the

Marketplace subsidy enhancements at the end of this year. *Id*. Clearly, there will be no cost-effective health insurance option for millions of Americans after the subsidy enhancements are eliminated. Thus, the projected concerns highlighted by Plaintiffs last opposition are now a reality. To avoid any doubt, it is projected that the OBBB will leave 8.6 million people without health insurance. (Dkt. No. 72-7 (CBO, at p. 7)). This impact on the consumer underscores and amplifies the Major Question Doctrine arguments in Plaintiffs operative complaint and the damage that is being caused by the 2024 Biden Administration STLDI. *See King v. Burwell*, 576 U.S. 473, 485 (2015) ("This is one of those cases . . . involving billions of dollars in spending each year and affecting the price of health insurance for millions of people.").

Yesterday, the Executive Branch recognized the negative impact of the unaffordability caused by year-end enhanced subsidy expiration, and it announced the opening of "Catastrophic Plans" for those with a "hardship," as previously, these catastrophic plans were limited to those under 30 years of age. Centers for Medicare & Medicaid Services, *HHS Expands Access to Affordable Health Insurance* (Sept. 04, 2025), www.cms.gov/newsroom/press-releases/hhs-expands-access-affordable-health-insurance. Regardless of the source for the estimated impact of the OBBB on the insurance marketplace, as well as the looming expiration of the enhanced ACA subsidies on December 31, 2025, the common conclusion is that millions of people will lose their comprehensive health insurance. There is no doubt that this void in the health insurance market can be filled in part by STLDI plans, but the Biden Administration Rule has illegally rendered these plans functionally useless. The result is that millions of consumers *will* lose their insurance because they cannot afford an unsubsidized ACA plan or qualify for Medicaid. When this lawsuit was filed, there were already 1.5 to 3.5 million people affected by the 2024 Biden Administration

8

STLDI Rule. The OBBB has only enhanced the impact of that Rule. Thus, the harm of the Biden Administration STLDI Rule has become even more detrimental to consumers and Plaintiffs.

Ultimately, granting the Government's Motion will only harm the insurance markets—causing millions of consumers to go without coverage. If the Court grant's the Government's indefinite Motion , it will eliminate consumer choice, perpetuate uncertainty in the market, and leave millions of consumers without a health insurance choice. The Executive Branch has tacitly acknowledged an issue with the 2024 Biden Administration Rule through the Executive Order. The Government's Motion is a wayside path of possibly preparing a new rule for some time at the end of 2026. But during the interim, millions of consumers are stuck in the crossfire of the OBBB's impact and the 2024 Biden Administration Rule for STLDI.  This is undoubtedly an issue "of deep 'economic and political significance'" i.e., a major question, "that is central to this statutory scheme" that should be addressed. *See Burwell*, 576 U.S. at 486 ("had Congress wished to assign that question to an agency, it surely would have done so expressly.").

It speaks volumes that the Government's August 28, 2025 Motion does not contain any citation to case law or statutory support to justify such extraordinary relief of a thrice-prolonged extension—when there is an unprecedented Rule being imposed on millions of health insurance consumers. Its Motion does not address any factors for this Court to consider, nor any precedent that would give this Court the authority to enter the stay when there is a fully-briefed motion for injunctive relief and pending motion for summary judgment from Plaintiff. But "[o]nce a single district court deems executive conduct unlawful, it has stated what the law requires. And the Executive must conform to that view, ceasing its enforcement of the law against anyone, anywhere." *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2560 (2025). Plaintiff's matter—fully briefed and well-percolated—is distinguishable from early-stage motions for broad injunctive relief,

"forc[ing] courts to resolve significant and difficult questions of law on a highly expedited basis and without full briefing." *See Id.* at 2559. Those concerns do not exist here. Indeed, the Government needs only to file a Reply for the cross-motions to be fully ripe for a final judgment. Instead, the Government seeks to continue onward, indefinitely without a settled rule for STLDI or an anticipated definition.

This Rule has already been half-felled and is foreclosed of any question of higher review. *See ManhattanLife Ins. & Annuity Co. et al., v. U.S. Dept. of Health & Human Serv. et al.*, 6:24-cv-00178-JCB (E.D. Tex. Dec. 04, 2024) (setting aside and vacating provisions of the challenged rule related to fixed-indemnity insurance). The Government has since abandoned its appeal of Judge Barker's decision. *See Manhattanlife Ins. & Annuity Co., Et Al., v. Dept. Of Health & Human Serv.*, 25-40072, Doc. 24, (5th Cir. 2025) (Defendants-Appellants Rule 42(b) motion, voluntarily dismissing its appeal). It is uncontroverted by the Government's multiple motions to stay that millions are affected by the prior Administration's actions and that millions more will continue to be affected by the Government's inaction. This is a major question. *Burwell*, 576 U.S. at 485. And "[i]n extraordinary cases . . . there may be reason to hesitate before concluding that Congress has intended such an implicit delegation . . . This is one of those cases." *Id.*

## Conclusion

William E. Gladstone popularized the phrase "justice delayed is justice denied," which is precisely the result if the Government's motion is granted. *See generally U.S. v. 4.620 Acres of Land, more or less, in Hidalgo Cnty., Tex.*, No. 7:20-CV-00154, 2022 WL 538713, at *1 (S.D. Tex. 2022) (denying motion for continuance, noting "the Court may 'refuse to do litigants' work for them' by granting numerous extensions when" litigants "fail to diligently comply" with the orders of the Court). Each passing day compounds the harm and confusion, especially considering

the sunsetting enhanced ACA subsidies on December 31, 2025. Plaintiffs have sought to ensure the industry can continue to innovate and provide Americans with better healthcare choices without regulatory instability. The Government's August 7, 2025 Statement and representations therein do nothing to answer any of the concerns raised by this lawsuit, nor solidify the Government's committal position in these proceedings. This Executive Branch stated that the Biden Administration overreached in its 2024 STLDI Rules. Yet the Government now asks this Court to avoid arriving at the same conclusion by ruling on the merits of this case, while Plaintiffs, consumers, state regulators, STLDI issuers, and millions of STLDI-holders will continue to suffer "agency action in an eternal fog of uncertainty." *Loper Bright*, 603 U.S. at 411.

Therefore, should this Court be so inclined to grant the indefinite stay of these proceedings, it should enjoin any enforcement of the 2024 STLDI Rule by the Government, thereby reverting to the 2018 STLDI definition. Should this Court determine that an injunction is not appropriate, then the Plaintiffs should receive a ruling on the merits of their claims. Either alternative—enjoining enforcement or ruling on the merits—allows the Government to pursue future rulemaking, avoids further delay, and most importantly, restores certainty in the STLDI market.

WHEREFORE, for the foregoing reasons, PLAINTIFFS AMERICAN ASSOCIATION OF ANCILLARY BENEFITS and PREMIER HEALTH SOLUTIONS, LLC, respectfully request that this Court enter an Order denying Defendants' Motion to Extend Stay (Dkt. No. 75) and order Defendants to file their Reply in Support of their Cross-motion for Summary Judgment, or in the alternative, enjoin enforcement of the 2024 STLDI Rule during the pendency of any stay, award attorneys' fees for responding to this motion, and for any further relief this Court deems fair and just.

                                      Respectfully submitted:

                                      By:    ***/s/ Dominick L. Lanzito***

Lead Counsel for Plaintiffs
GONZALES TAPLIN PA

Alex Gonzales
Dominick L. Lanzito
Texas State Bar No. 24144951
Illinois State Bar No. 6277856
*Attorneys for the AMERICAN ASSOCIATION OF ANCILLARY BENEFITS AND PREMIER HEALTH SOLUTIONS, LLC*
P.O. Box 171267
Austin, Texas 78717
Tele:   (512) 492-5251 (for A. Gonzales)
        (312)724-8035 (for D. Lanzito)
Emails: agonzales@gonzalestaplin.com
dlanzito@ottosenlaw.com


Michael J. Smith
Local Counsel for Plaintiffs

THE FOWLER LAW FIRM, P.C.
/s/ Michael J. Smith

Michael J. Smith
Texas State Bar No. 24037517
3301 Northland Drive, Suite 101
Austin, Texas 78731
Telephone: 512.441.1411
Facsimile: 512.469.2975
Email: msmith@thefowlerlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I caused the foregoing documents to be filed with the Clerk for the Eastern District of Texas through the ECF system. Participants in the case who are not registered ECF users will be served through email.

Date: September 5, 2025

                                        Respectfully submitted,

                                        ***/s/Michael J. Smith***

Local Counsel for Plaintiffs
THE FOWLER LAW FIRM, P.C.
/s/Michael J. Smith

Michael J. Smith
Texas State Bar No. 24037517
*Attorneys for the AMERICAN ASSOCIATION OF ANCILLARY BENEFITS AND PREMIER HEALTH SOLUTIONS, LLC*
3301 Northland Drive, Suite 101
Austin, Texas 78731
Tele: (512) 441-1411
Email: msmith@thefowlerlawfirm.com