UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN ASSOCIATION OF ANCILLARY BENEFITS | § § § | |
| v. | § § § | CIVIL NO. 4:24-CV-783-SDJ |
| ROBERT F. KENNEDY, JR., ET AL. | § | |

## **ORDER**

This case concerns the New Rule for Short-Term, Limited Duration Insurance Plans, Rule CMS-9904-F (the "New Rule"), 89 Fed. Reg. 23338 (Apr. 3, 2024). Plaintiff American Association of Ancillary Benefits ("AAAB") has challenged the validity of the New Rule, and the Court has received extensive summary-judgment briefing on the issues raised by AAAB.

Following the 2024 election, and after the new administration was in place, the Government Defendants[1] requested a ninety-day stay of all proceedings in this matter "to allow new agency leadership sufficient time to evaluate the government's position in this case and determine how best to proceed." (Dkt. #66 at 1). The Court granted the stay but required the Government Defendants to "provide the Court with an advisory concerning the results of their evaluation of their position in this case and how the Government Defendants intend to proceed." (Dkt. #69). When the ninety-

---

[1] The Defendants, referenced collectively as the "Government Defendants," include Robert F. Kennedy Jr., in his official capacity as Secretary of Health and Human Services; Lori Chavez-DeRemer, in her official capacity as Secretary of Labor; and Scott Bessent, in his official capacity as Secretary of the Treasury. *See* (Dkt. #27). Pursuant to Federal Rule of Civil Procedure 25(d), Robert F. Kennedy, Jr., Lori Chavez-DeRemer, and Scott Bessent were substituted for their predecessors as Secretary of HHS, Secretary of Labor, and Secretary of the Treasury, respectively.

1

day stay expired, the Government Defendants requested an additional stay and advised that they intend to "revisit the [New Rule] challenged here in a new rulemaking to be conducted as soon as practicable." (Dkt. #70 at 1). The Court granted an additional ninety-day stay and ordered the Government Defendants to "provide the Court with an estimated timeline for the completion of their intended rulemaking and how they intend to proceed in this case moving forward." (Dkt. #74 at 3).

Before the Court is the Government Defendants' Motion to Extend Stay. (Dkt. #75). In their motion, the Government Defendants advise that they "expect to publish a notice of proposed rulemaking no later than the Summer of 2026, and to issue a final rule later that year." (Dkt. #75 at 1). The Government Defendants also point to a public statement they issued clarifying their position on the New Rule. In the statement, the Government Defendants advise that "[u]ntil future rulemaking is issued and applicable, [they] do not intend to prioritize enforcement actions for violations related to failing to meet the definition of short-term, limited-duration insurance in the [New Rule]." (Dkt. #75 at 2). The Government Defendants therefore "request that the case remain stayed pending the conclusion of the anticipated rulemaking." (Dkt. #75 at 2).

AAAB has responded in opposition to the stay. (Dkt. #77). It argues that the Government Defendants' motion should be denied because "the Government provides absolutely no clarity about applying the Biden Administration's definition of STLDI at issue in this case, nor is there clarity about the Government's position regarding the legality of the current Rule defining STLDI, nor any details regarding potential

2

future rulemaking." (Dkt. #77 at 1). AAAB alleges that it is harmed by this regulatory "instability" and "uncertainty." (Dkt. #77 at 7).

In APA cases like this one, courts ordinarily stay proceedings to "allow the rulemaking agency an opportunity to reconsider a rule when it cites serious and legitimate concerns, even in the absence of confessed error and before consideration of the merits." *Franciscan All., Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652, at *4 (N.D. Tex. July 10, 2017). For a stay to be justified, the defendant agency "need not make any concrete commitment to [revise the rule or] initiate rulemaking proceedings," so long as it "profess[es] an intention to reconsider the challenged rule." *Id.* at *4 n.8. Indeed, "committing to revision before the notice-and-comment period would frustrate the very purpose of receiving notice and comment." *Id.* Recognizing that an agency could abuse an indefinite stay to the plaintiff's detriment, courts often require "periodic status reports on the rulemaking proceedings" to "encourage timely review of the [challenged rule]." *Id.*

The Court finds that a stay is warranted here because the Government Defendants have "cite[d] serious and legitimate concerns" with the New Rule and "profess[ed] an intention to reconsider" it. *See Franciscan All.*, 2017 WL 3616652, at *4. Contrary to AAAB's assertions, the Government Defendants have provided details regarding potential future rulemaking—specifically, that they intend to commence the rulemaking process by the summer of 2026 and issue a final rule by the end of that year. The Government Defendants have also provided clarity about their position on the New Rule via their public statement that they do not intend to

3

prioritize enforcement of the New Rule pending the anticipated rulemaking. Because the anticipated rulemaking has the potential to moot AAAB's claims in this case, and because AAAB has not shown that it will suffer harm in the interim, the Court will grant the Government Defendants' motion to extend the stay.

It is therefore **ORDERED** that Defendants' Motion to Extend Stay, (Dkt. #75), is **GRANTED**. All proceedings in this matter will remain **STAYED** pending the conclusion of the anticipated rulemaking or until further order of the Court.

It is further **ORDERED** that Defendants must provide a status report on the anticipated rulemaking every six months, with the first report due on **April 8, 2026**.

**So ORDERED and SIGNED this 8th day of October, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE